OPINION AND ORDER
A Notice of Appeal was timely filed by Defendant/Appellee Marty Lone Bear. Oral argument was held on March 7, 2011. We affirm the Tribal Trial Court in accordance with the following.
Defendant Lone Bear was arrested shortly after midnight on July 14, 2010 on the charge of rape in violation of Comprehensive Code of Justice, (“CCOJ”), Title VII, section 220. At the time of his arrest, a preliminary blood screening test showed a blood alcohol concentration of 0.380. Approximately eleven and one half hours later, Defendant Lone Bear was arraigned and entered a plea of not guilty to the charge. Later that day he met with the tribal prosecutor and told him he wanted to change his plea to guilty. The next day, July 15, 2012, at about 10 a.m. Defendant Lone Bear pled guilty to the charge and was sentenced. His plea was entered about thirty-four hours after his arrest.
Two months later, on September 15, 2010, Defendant Lone Bear filed a Motion to Withdraw Plea of Guilty. He argued that he was innocent, he was intoxicated when he was arraigned and a change of plea is permitted when in the interests of justice. The Tribal Trial Court denied the Motion. This appeal followed.
CCOJ Title VI, Section 403 provides in relevant part:
The Court may, in its discretion, allow a defendant to withdraw a plea of guilty if it appears that the interest of justice and fairness would be served by doing so. (emphasis added).
According to the applicable standard of review, we defer to the discretionary decisions of the Tribal Trial Court unless we find an abuse of discretion. We find no such abuse here. Defendant presented no scientific evidence to support his theory that he was impaired during his court appearance thirty-four hours after his arrest. Nor did he present any credible evidence to support innocence. In matters within the sound discretion of the Tribal Trial Court, we will not substitute our judgment for that of the trial court.
Therefore, the decision of the Tribal Trial Court is affirmed.